MANHATTAN LIGHTERAGE CO. v. NEW ENGLAND NAVIGATION CO.

(Circuit Court of Appeals, Second Circuit. March 10, 1913.)

No. 161.

SHIPPING (§ 86*)—INJURY TO MOORED VESSEL BY SWELL—ACTION—EVIDENCE.
Evidence considered, and *held* insufficient to identify the steamer proceeded against as the one whose swell was alleged to have caused the damage to a barge sued for.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 343, 353–360; Dec. Dig. § 86.*

Liability of vessel for injuries caused by creation of swell, see note to The Asbury Park, 78 C. C. A. 3.]

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, adjudging the respondent in fault for damage to the barge Morna, lying at Pier 36, East River, caused by swells from a passing steamer. The barge was loaded with 330 tons of scrap iron, and the libel charges that the steamers Richard Peck and Providence, both owned by respondent, came down the river, about 6:30 a. m., December 5, 1909, at so high a rate of speed as to raise high swells and cause the Morna to surge and roll. The testimony showed that three steamers, the Georgia, the Peck, and the Providence, came down one after the other, at intervals of about a mile. On the trial two witnesses for libelant undertook to identify the Peck as the vessel which caused the trouble, and the charges against the Providence were abandoned.

J. T. Kilbreth, of New York City, for appellant.

Burlingham, Montgomery & Beecher, of New York City (R. Leech and Charles C. Burlingham, both of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). It was shown by quite convincing evidence, including that of disinterested witnesses, that the Peck came down the river near the Brooklyn shore and at a moderate rate of speed. It was necessary for her to take that course and speed because the tide was ebb, she was a twin screw 318 feet long, and on such a tide has to make her landing, at Pier 28, by rounding to against the tide. The Georgia, a single screw, whose landing place was Pier 19, on the contrary, on such tide comes down near the New York shore, making her landing without rounding to.

The master of the Morna and the master of the barge Bath, which was tied up about 30 feet inshore of the Morna, both testified that the swells came from the Peck, and say they saw and recognized her. We do not find their evidence persuasive. The master of the Morna, who was resting in the engine room, came out when he felt the motion of his boat. He describes the swells as "awful big," presumably because the Morna rocked greatly; but she was loaded in such a way

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that moderate swells would be likely to produce excessive rocking. When he came out he says he saw the Richard Peck a little below, and on the trial was positive in his identification. But it is quite apparent that he was not equally positive at the time of the accident, because he went down shortly afterwards to Pier 28 to inquire what steamers had come in; and when the libel was prepared, as the verification states, "from statements made by the master of the Morna and eye-witnesses" (there was only one other witness), the charge of fault was made against the Providence, as well as the Peck. Moreover, he says that the boat which he saw was but a little ways from the New York shore. That vessel could not have been the Peck, which was close to the Brooklyn piers.

The other witness, the master of the barge Bath, who saw the steamer which he says made the swells, testified that she was the Peck. But he also testified with equal positiveness that the steamer which he did see was coming down within 200 feet of the New York piers and was going about 17 miles an hour. Manifestly the vessel thus described could not have been the Peck.

We are satisfied that the libelant has not identified the Peck as the vessel which caused the damage.

The decree is reversed, with costs, and the cause remanded, with instructions to dismiss the libel, with costs.